## MONROE HOPPER V. THE STATE.

No. 16039. Delivered October 25, 1933.
Reported in 63 S. W. (2d) 1023.

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was charged by complaint and information with the theft of one furrow guide for a Farmall tractor, alleged to have been taken from J. M. Edelmon, and upon conviction his punishment was assed at a fine of one dollar.

The farm implement in question was taken in Hale county and was recovered from the possession of appellant in Floyd county. Immediately upon his right of possession being challenged appellant claimed to have purchased the implement.

Appellant complains because the court denied a continuance sought for a witness by whom appellant expected to prove that the witness was present with appellant at the time the implement was purchased. No application for subpoena or attachment had been made for the witness who resided in Floyd county, but he had promised appellant to be present and testify, and he had been present at a former term of the court. The reliance alone upon the witness' promise seems a lack of diligence. We do not discuss the bill further as the judgment must be reversed upon other grounds.

It was alleged in the information and complaint that the implement in question was valued at forty dollars. If the state offered any evidence upon the issue of value we have overlooked it. Appellant testified that at the time he bought it secondhand he paid twenty-three dollars for it. The court charged the jury that if they found appellant guilty they would "assess his punishment in jail not exceeding two years, and by a fine not exceeding five hundred dollars, or by such imprisonment without fine." The jury assessed the punishment at a fine of one dollar, which was entirely unauthorized by the charge of the court, which told them they might assess the punishment at imprisonment without fine, but nowhere authorized them to assess a fine without imprisonment.

We deem it unnecessary to set out the charge which the court undertook to give the jury. Nowhere in it is an application of the law made to the facts. This omission, however, was not objected to by appellant. He did, however, object to the charge because of its failure to instruct upon circumstantial evidence. The case is purely one depending upon such kind of evidence to secure a conviction. In addition to written objections to the charge for the omission pointed out appellant asked a correct special charge upon this point, which should have been given by the court.

The evidence seems to have raised the issue as to whether the furrow guide recovered from appellant was in fact the one which had been stolen from Mr. Edelmon. The court did not

charge upon this subject. Written objection was interposed because of such omission, and a special charge upon the subject was refused. The special charge may not have been in pertinent language. We merely suggest that if upon another trial the same issue should be raised the jury in appropriate language should be instructed thereon.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*